RALPH LESLIE RAYMOND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 79130. Promulgated October 20, 1936.

*William R. Green, Jr., Esq.*, for the petitioner.
*G. W. Brooks, Esq.*, for the respondent.

## OPINION.

SMITH: The principal issue in this proceeding is whether the petitioner is entitled under section 131 of the Revenue Act of 1932 to a credit against his income tax for 1932 of the taxes due the Canadian Government for that year, when he did not claim the credit in his return as originally filed, but did claim it in an amended return subsequently filed.

Section 131 of the Revenue Act of 1932 reads in material part as follows:

SEC. 131. TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF UNITED STATES.

(a) ALLOWANCE OF CREDIT.—If the taxpayer signifies in his return his desire to have the benefits of this section, the tax imposed by this title shall be credited with:

(1) CITIZEN AND DOMESTIC CORPORATION.—In the case of a citizen of the United States and of a domestic corporation, the amount of any income,

war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States; * * *

*     *     *     *     *     *     *

(b) LIMIT ON CREDIT.—The amount of the credit taken under this section shall be subject to each of the following limitations:

(1) The amount of the credit in respect of the tax paid or accrued to any country shall not exceed the same proportion of the tax against which such credit is taken, which the taxpayer's net income from sources within such country bears to his entire net income for the same taxable year; and

(2) The total amount of the credit shall not exceed the same proportion of the tax against which such credit is taken, which the taxpayer's net income from sources without the United States bears to his entire net income for the same taxable year.

*     *     *     *     *     *     *

(d) YEAR IN WHICH CREDIT TAKEN.—The credits provided for in this section may, at the option of the taxpayer and irrespective of the method of accounting employed in keeping his books, be taken in the year in which the taxes of the foreign country or the possession of the United States accrued, subject, however, to the conditions prescribed in subsection (c) of this section. If the taxpayer elects to take such credits in the year in which the taxes of the foreign country or the possession of the United States accrued, the credits for all subsequent years shall be taken upon the same basis, and no portion of any such taxes shall be allowed as a deduction in the same or any succeeding year.

Article 131–3 of Regulations 86, promulgated under the Revenue Act of 1932, provides that:

*Conditions of allowance of credit.*—If the taxpayer signifies in his return his desire to claim credit for income, war-profits, or excess-profits taxes paid other than to the United States, the income tax return must be accompanied by Form 1116 in the case of an individual, and by Form 1118 in the case of a corporation. * * *

*     *     *     *     *     *     *

If it is the desire of the taxpayer to claim as a credit and not as a deduction accrued income, war-profits, and excess-profits taxes imposed by the authority of any foreign country or possession of the United States but at the time the return is made it is impossible to estimate the amount of such taxes that may have accrued for the period for which the return is made, Form 1116 in the case of an individual, and Form 1118 in the case of a corporation, may be filed at a later date but a credit can not be allowed for such taxes unless the taxpayer signifies in his return his desire to have to any extent the benefits of section 131.

The following additional provisions of the Revenue Act of 1932 are pertinent to this proceeding:

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

*     *     *     *     *     *     *

(c) TAXES GENERALLY.—Taxes paid or accrued within the taxable year, except—

*     *     *     *     *     *     *

(2) income, war-profits, and excess-profits taxes imposed by the authority of any foreign country or possession of the United States; but this deduction

shall be allowed in the case of a taxpayer who does not signify in his return his desire to have to any extent the benefits of section 131 (relating to credit for taxes of foreign countries and possessions of the United States) ; * * *

SEC. 116. EXCLUSIONS FROM GROSS INCOME.

In addition to the items specified in section 22 (b), the following items shall not be included in gross income and shall be exempt from taxation under this title:

(a) EARNED INCOME FROM SOURCES WITHOUT UNITED STATES.—In the case of an individual citizen of the United States, a bona fide nonresident of the United States for more than six months during the taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts constitute earned income; but such individual shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection. * * *

The above quoted provision of section 131 (a) that the credit here sought "shall be" allowed "if the taxpayer signifies in his return his desire to have the benefits of this section" was new in the 1932 Act. Likewise, section 23 (c) (2) of the Revenue Act of 1932 is materially different from section 23 (c) (2) of the Revenue Act of 1928, which provides that there may not be deducted from gross income "so much of the income, war-profits, and excess-profits taxes imposed by the authority of any foreign country or possession of the United States as is allowed as a credit against the tax under section 131."

The Ways and Means Committee Report upon H. R. 10236, which later became the Revenue Act of 1932, makes this explanation with respect to section 23 (c) (2) :

The existing law allows a deduction in computing net income of so much of the income, war-profits, and excess-profits taxes paid to a foreign country as is not allowed as a credit against the tax due the United States. In thus allowing both a credit and a deduction, preferential treatment is frequently given to taxpayers receiving income from foreign sources. * * * Since the entire foreign income is, in effect, excluded from the taxpayer's gross income because of the allowance of the credit for foreign taxes, the result of the additional deduction is that the taxpayer fails to pay a full tax upon its income from domestic sources. As your committee believes that a full tax should be paid upon income from sources within the United States, the section has been amended to deny a deduction for foreign taxes in all cases where the taxpayer has indicated on the return an intention of claiming a credit for foreign taxes under section 131.

The same committee report also has this comment to make with respect to section 131:

Subsection (a). The present law has been amended to provide that a taxpayer is entitled to a credit for income, war profits, and excess-profits taxes paid to foreign countries *only where he indicates his desire to claim such credit on his return.* Under section 23 (c) (2) of the proposed bill the taxpayer is not allowed any deduction for such foreign taxes in case he claims a credit for such taxes on his return.

Subsection (b). Under section 131 (b) of the existing law the credit allowed for taxes paid to foreign countries is subjected to a limitation in order to prevent foreign taxes from absorbing the tax on income from sources within the United States. This limitation being based upon the ratio of net income derived from all sources without the United States to the total net income, gives preferential treatment to some taxpayers deriving income from more than one foreign country. * * * [Italics supplied.]

The petitioner did not signify in his 1932 return, as originally filed, any desire to have a credit for his Canadian income taxes for that year, but the return as filed showed no tax due the United States. The petitioner argues, and with good reason, we think, that he was not required to claim in his return a credit against tax when the return showed no tax due, and that there was a substantial compliance with the statute when he filed a claim for the credit, and later an amended return in which the credit was claimed, after the respondent had determined that there was a tax due on the return. Statutes should be construed "in such manner as to avoid absurdity or injustice." *Piper* v. *Willcuts* (C. C. A., 8th Cir.), 64 Fed. (2d) 813; *Echols* v. *Commissioner* (C. C. A., 8th Cir.), 61 Fed. (2d) 191. In *Crompton & Knowles Loom Works* v. *White* (C. C. A., 1st Cir.), 65 Fed. (2d) 132, the court said:

Statutes are to be construed in a reasonable and sensible way. *Fleischmann Const. Co.* v. *U. S.*, 270 U. S. 349 at page 360, 46 S. Ct. 284, 70 L. Ed. 624. There is a strong presumption that Congress does not intend absurdities. The plaintiff's contention, as was recently said by the Supreme Court with reference to certain provisions of the Bankruptcy Act (11 USCA), "ignores the practical purpose of the statute as applied to such a situation. * * * We should therefore construe the language of the Act so as to effectuate the evident purpose of the legislation, and not so narrowly as to defeat the true intent of Congress." Roberts, J., *Royal Indemnity Company* v. *American Bond & Mortgage Company*, 53 S. Ct. 551, 77 L. Ed. ——, opinion April 10, 1933.

The broad purpose of section 131 is to allow a citizen of the United States, at his election, a credit for income taxes paid or accrued to a foreign country. The election becomes apparent when section 131 is considered in conjunction with section 23. The taxpayer may either claim the foreign taxes as a credit under the former section or as a deduction under the latter. The deduction would in some cases be advantageous, as where the return shows a net loss which might be carried forward to the next succeeding taxable year. It is to be noted, however, that the petitioner in his original return for 1932 did not claim either a credit, since no tax was shown to be due, or a deduction for the Canadian taxes for that year. It can not be said therefore that he exercised any election in respect of the Canadian taxes.

A question similar to the one here under consideration has been before the Board in respect of the capital net gain and loss provisions of the statutes. Section 101 of the Revenue Act of 1928 permits a

taxpayer "at his election" to have his capital net gain taxed at a special rate of 12½ per centum. We held in *W. A. Forrester*, 32 B. T. A. 745, 749, that under this provision of the statute the election was timely made at the hearing had before the Board, conditioned upon the Board's ruling as to whether certain of the disputed items were capital gains or ordinary income. We there said:

* * * In his return petitioner made no claim to have his tax computed under the capital net gain provisions of the statute, section 101 (a), Revenue Act of 1928. * * * Since the petitioner treated all the shares sold as being those purchased in 1929, he had no occasion to elect whether he would claim the benefit of the capital net gain provisions of section 101 (a) of the Revenue Act of 1928. He did elect through his counsel to claim such benefit if the determination is that the shares purchased prior to June 1927 were sold. * * *

To the same effect is *Fifth Third Union Trust Co., Trustee*, 20 B. T. A. 88. There the taxpayer in its return, which showed no taxable income, had failed to claim the benefits of the net capital gain provisions of section 206 of the Revenue Act of 1921, believing that it was exempt from taxation under section 231. In our opinion we said:

The respondent, while not denying that the petitioner is otherwise entitled to the benefits of section 206, contends that, since it did not make an election or request that the profit on the sale of the stock be taxed under that section until the filing of an amended petition shortly before the date of the hearing, it is not now entitled to have its tax computed under that section.

The Act does not restrict the time of election, and it is our opinion that under the circumstances here presented the capital net gain provision is still available to the petitioner. *James F. Hoey*, 4 B. T. A. 1043.

See also *Lucas* v. *Sterling Oil & Gas Co.* (C. C. A., 6th Cir.), 62 Fed. (2d) 951.

The situation here is analogous to that presented in the cited cases. It was not until the respondent determined that there was a tax due on the return that the petitioner had any occasion to signify his desire to have the benefits of section 131. If the question of whether there was any tax due on the petitioner's return for 1932 had been left to the Board's determination in this proceeding, and not conceded by the petitioner, the alternative claim for the credit and amended return might still have been timely offered at the hearing under the ruling in *Fifth Third Union Trust Co., Trustee, supra*.

It is to be observed that the statute does not fix a definite time for claiming the credit, such as on or before the due date, or filing date, of the return. It requires only that the taxpayer signify his desire to have the credit "in his return." The petitioner so signified in an amended return filed with the respondent prior to the hearing in this proceeding. In *Zellerbach Paper Co.* v. *Helvering*, 293 U. S. 172, the Court said that:

None the less, the return exacted by the statute, the one that in the absence of fraud is to start the term of limitation (section 250 (d)), is the return

filed by the taxpayer at the close of the fiscal year, though supplementary information may modify or add to it. Cf., *Florsheim Bros. Dry Goods Co., Ltd.*, v. *United States*, 280 U. S. 453, 462, 50 S. Ct. 215, 74 L. Ed. 542.

\* \* \* \* \* \* \*

From this administrative history the inference is compelling that a second return, reporting an additional tax, is an amendment or supplement to a return already upon the files, and being effective by relation does not toll a limitation which has once begun to run. *Florsheim Bros. Dry Goods Co., Ltd.*, v. *United States, supra.* Cf. *United States* v. *Memphis Cotton Oil Co.*, 288 U. S. 62, 67, 53 S. Ct. 278, 77 L. Ed. 619; *New York Central & H. R. R. Co.* v. *Kinney*, 260 U. S. 340, 346, 43 S. Ct. 122, 67 L. Ed. 294. \* \* \*

In considering questions involving the statute of limitations, as was the Court in the *Zellerbach* case, the element of time is, of course, of primary importance. The period of limitations governing the assessment of taxes is necessarily definite in each revenue act and the rights of the parties do not depend upon the exercise of any option or election by either the taxpayer or the Commissioner. In the administration of section 131, however, the element of time is not of such importance. The Commissioner suffers no detriment and gives up no right conferred by statute when he permits a taxpayer to file an amended return and claim a credit for foreign taxes against a tax which the Commissioner himself has computed on the return originally filed.

We are of the opinion that the respondent erred in not accepting the amended return offered by the petitioner for the taxable year 1932 and allowing credit for the income tax accrued to the Canadian Government in that year and paid by the petitioner in the succeeding year.

Reviewed by the Board.

*Judgment of no deficiency will be entered for the petitioner.*

Sternhagen dissents.