Branch Banking — Credit Cards Under the facts as presented, the issuance of cash by a bank on the basis of credit cards distributed by another bank does not violate the provisions of 6 O.S. 501 [6-501] (1968), which prohibit branch banking. The Attorney General has had under consideration your recent letters in which you state and inquire, in effect, as follows: The use of bank credit cards in Oklahoma has been very pronounced in recent months. These cards are currently being issued by large metropolitan banks in Oklahoma City and Tulsa who contract with banks in smaller communities to help in the distribution of such cards by providing names of persons in their communities for possible credit extension and recommendations as to the limit of credit to be extended. After the cards are distributed, the large metropolitan banks actually guarantee payment while the smaller banks do not participate in the actual extension of credit. The individuals holding the credit cards when paying for services extended on the basis of such cards make their checks payable to the large metropolitan banks. On a quarterly basis the smaller banks receive small remunerations from the banks that issued the cards in return for providing recommendations of acceptable credit card holders. Does the issuance of cash by these small banks on the basis of these credit cards distributed by the large metropolitan banks violate the Oklahoma Statute prohibiting branch banking? O.S.L. 1965, ch. 161, Section 501, as amended by O.S.L. 1965 ch. '44. Section 2 (6 O.S. 501 [6-501] (1968)), provides as follows: "Branch banking is prohibited in this State. The term `Branch' used in this section shall be held to include any branch bank, branch office. branch agency, additional office or any branch place of business located within this state at which deposits are received, or checks paid or money lent. This section shall not be construed in derogation or denial of the right to operate and maintain facilities as provided in Section 415 or Section 421 of this Code ." Section 6 O.S. 415 [6-415], supra, specifies that banks may have, upon approval by the State Banking Board, outside attached facilities and one detached facility for drive-in or walk-up service or both on property owned or leased by the bank located less than one thousand feet from the main bank building. Section 421, supra, provides for a bank to have, upon approval by the State Banking Board and military installation commander, a detached facility on any military installation located in Oklahoma. A general definition of credit cards was expressed in Williams v. U.S., 19 F. Supp. 97 (S.D. Cal. 1961), where the court in the body of its opinion stated: "A credit card is nothing more than an indication to sellers of commodities that the person who has received a credit card from the issuer thereof has a satisfactory credit rating and that if credit is extended, the issuer of the credit card will pay (or see to it that the seller of the commodity receives payment) for the merchandise delivered. A credit card signifies that the legal owner thereof is a good credit risk and the issuer guarantees payment for goods, wares and merchandise sold and delivered on the basis of the card." Title 21 O.S. 1550.1 [21-1550.1] (1961), defines credit cards as follows: "The term `credit card' . . . means an identification card or device issued to a person, firm, or corporation by a business organization which permits such person, firm, or corporation to purchase or obtain goods property or services on the credit of such organization." When an individual uses a bank credit card he is exhibiting that he has all approved credit rating with the bank that issued the card and that such bank guarantees payment to any merchant or business honoring the card. If the business honoring the card happens to be another bank, it will not, by the mere extension of credit become a branch office or branch place of business of the bank that originally issued the card. It would only be honoring a request by the bank that issued the card to advance money or give credit to a third person. Such action would be separate and distinct from the operations of the bank that guarantees payment and would not constitute branch banking. It is, therefore, the opinion of the Attorney General that under the facts as presented the issuance of cash by a bank on the basis of credit cards distributed by another bank does not violate the provisions of 6 O.S. 501 [6-501] (1968), which prohibit branch banking. (Gary F. Glasgow)