**EINSON-FREEMAN CO., Inc., v. CORWIN, Former Collector of Internal Revenue.**

**No. 338.**

Circuit Court of Appeals, Second Circuit.

June 17, 1940.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Norman D. Keller, and Frederic G. Rita, Sp. Assts. to Atty. Gen., and Harold M. Kennedy and Frank J. Parker, both of Brooklyn, N. Y., for appellants.

Newman & Bisco, of New York City (Leonard G. Bisco and Frederick E. Winkler, both of New York City, of counsel), for appellee.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The question is whether a taxpayer whose claim for refund has been rejected may extend the time fixed by statute for commencement of action by filing a second claim for refund on one of the grounds asserted in the first claim.

The Revenue Act of 1932, section 609, 26 U.S.C.A. Int.Rev.Acts, page 612, imposed a tax on games, except children's games. The Treasury Department made a regulation that jig saw puzzles were games, with a proviso that puzzles containing 50 pieces or less were children's games and so not taxable. The plaintiff, a manufacturer of jig saw puzzles, paid taxes in 1933 amounting to some $23,000. On January 15, 1935, it filed claim for refund. In this claim the

plaintiff made two points: first, that jig saw puzzles were not games; second, that if they were games, they were children's games, irrespective of the number of pieces. The commissioner stood on his regulation and disallowed the claim, this under date of August 13, 1935. There the matter rested until February 4, 1937, when the plaintiff filed a second claim for refund of the taxes. The ground stated in the second claim was that jig saw puzzles were not games, a ground which, as we have seen, was one of the two grounds relied on in the first claim. The claim was disallowed on August 4, 1937. This action to recover the taxes paid was commenced on January 10, 1939. The plaintiff based its right to recover on the proposition that the puzzles were not games. The defendants conceded that on the merits the plaintiff was right; the concession was inevitable in view of White v. Aronson, 302 U.S. 16, 58 S.Ct. 95, 82 L.Ed. 20, to the effect that jig saw puzzles were not games within the meaning of the Revenue Act of 1932. The defendants based their defense on the statutory provision that suit for recovery of taxes paid must be brought not later than two years after notice of disallowance of claim for refund. Revenue Act of 1932, section 1103, 26 U.S.C.A. Int.Rev.Acts, page 652. They called attention to the fact that more than two years elapsed between disallowance of the first claim for refund and commencement of suit, and urged that the filing of a second claim and the disallowance of it were ineffective.

We are of opinion that suit was barred by limitations. Under the Revenue Act the filing of a claim for refund or credit with the commissioner is a condition precedent to the maintenance of suit to recover taxes paid, and the two-year period for commencing suit starts to run when the commissioner mails notice of disallowance to the taxpayer. That is the moment when the taxpayer's cause of action accrues. So in this case the plaintiff's right to bring an action was complete on August 13, 1935, when the commissioner mailed notice of disallowance of the first claim for refund, and the two-year period expired on August 13, 1937. The thought that the period may be extended or the running of the time interrupted by filing a second claim for refund based on one of the grounds covered by the first claim and already disallowed cannot be countenanced. Such a result would put it in the power of a taxpayer to enlarge the time set by statute for commencing suit and would be a departure from settled rules applicable to statutes of limitations. If a person has a cause of action which accrues on demand, he may not prolong the period for bringing suit by making a second or a third demand. See Cooley v. Lobdell, 153 N.Y. 596, 603, 47 N.E. 783.

The plaintiff relies on Pacific Mills v. Nichols, 1 Cir., 72 F.2d 103. In that case the court took the view that the second claim for refund raised different grounds and so was not a mere repetition of the first claim. On such a basis the Pacific Mills case is different from the present one. If the case stands for more than this, we cannot follow it.

The fact that the commissioner entertained the second claim is of no importance. Any doubt as to that feature was dispelled by section 807 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code, § 3772, to the effect that "consideration, reconsideration, or action by the Commissioner with respect to such claim following the mailing of a notice by registered mail of disallowance shall not operate to extend the period within which suit may be begun."

The district judge erred in overruling the defense of the statute of limitations. He should have sustained that defense and dismissed the suit.

Reversed.