**W. A. SCHEMMER LIMESTONE QUARRY, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 5–1306.**

United States District Court
S. D. Iowa,
Central Division.
Sept. 23, 1964.

Maurice E. Stark, Fort Dodge, Iowa, and Kent Emery, Des Moines, Iowa, for plaintiff.

Donald A. Wine, U. S. Atty., Des Moines, Iowa, C. Maxley Featherston, David A. Wilson, Jr., and Gene A. Castleberry, Department of Justice, Washington, D. C., for defendant.

HANSON, District Judge.

This is an income tax refund case which raises a procedural problem. The applicable statutes are Sections 6532(a)(1) and (4) and 6511(a). These in part state:

"§ 6532. Periods of limitations on suits

"(a) Suits by taxpayers for refund.—

"(1) General rule.—No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary or his delegate renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary or his delegate to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.  *  *  *

"(4) Reconsideration after mailing of notice.—Any consideration, reconsideration, or action by the

Secretary or his delegate with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun."

"§ 6511. Limitations on credit or refund

"(a) Period of limitation on filing claim.—Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed * * * or 2 years from the time the tax was paid, whichever of such periods expires the later * * *."

The tax involved is Federal transportation tax for the quarterly periods commencing June 1, 1957, and ending July 31, 1958. In January 1960 the taxpayer was assessed $15,243.13 for Federal transportation tax and interest thereon. This tax was paid in February and May of 1960.

In February 1960, a claim for refund was filed by the taxpayer and this claim was disallowed on May 1, 1960. On July 28, 1960, another claim for refund was filed. This second claim was disallowed in April 1961. This suit was filed on October 3, 1962.

The suit was brought within two years of the time the second claim was disallowed but was more than two years after the first claim was disallowed. Both claims were filed within two years of the time the tax was paid. Rabkin and Johnson, Vol. 5, Section 76.04(1) states that: "The taxpayer cannot extend his time for suit by filing of a new timely claim, at least where no new grounds are set forth in the second claim." This rule has considerable support in case law. Fajardo Sugar Growers Association v. United States, D. C., 161 F.Supp. 912, affirmed 2 Cir., 264 F.2d 671; Eunson-Freeman Co. v. Corwin, 2 Cir., 112 F.2d 683; 18th

Street Leader Stores v. United States, 7 Cir., 142 F.2d 113. The basis for this rule is not too clear. In the 18th Street Leader Stores case, it appeared to be based on a regulation but the other cases base it on an interpretation of the statute. In that case, the court said:

"Except for the limitation imposed by the Treasury Regulations 96, the applicability of which appellant denies, that only one claim shall be filed by any person for refund of floor stocks taxes, it appears that there is no limit upon the number of refund claims which may be filed within the statutory period applicable to the filing of claims, and that a defective claim may be corrected by the filing of a new one complying with the requirements. Cf. Mertens, Law of Federal Income Taxation, Vol. 10, § 58.24, as to the right to file successive refund claims in income tax cases. Generally, when new grounds or facts are discovered, entitling the taxpayer to refunds greater in amount than originally claimed, or furnishing further proofs of the original claim, they may be set up in the new claim. However, this is not to say that a new claim, based on the same grounds as a prior rejected claim, will operate to enlarge the limitation period which has started to run on the rejection of an earlier claim."

In Eunson-Freeman Co. v. Corwin, supra, the court cited Pacific Mills v. Nichols, 1 Cir., 72 F.2d 103, and distinguished that case on the basis of new grounds having been submitted in the second claim. B. Altman & Co. v. United States, 40 F.2d 781, 69 Ct.Cl. 721, and the Fajardo case also recognized that the two year period runs from the time of the second timely claim if the same grounds are not merely repeated. Thus the cases which created the rule all recognized this exception to the rule. This exception where the second timely claim states new grounds was applied and followed in Pacific Mills v. Nichols, supra, Hills v. United States, 50 F.2d 302, 73 Ct.Cl. 128,

and Untermyer v. Bowers, 2 Cir., 79 F. 2d 9.

The first claim stated: "Federal transportation tax paid but not owed." This claim stated no reasons or evidence why the tax was not owed. The second claim stated reasons and gave evidence why the tax was not owed. The taxpayer's argument is that the first claim stated no grounds at all and the second claim stated grounds that had to be different grounds because the first claim stated no grounds at all.

■ The Commissioner admits that the first claim was general or vague (see p. 6 of Government's brief filed August 5, 1964) but claims that the second claim merely gave additional information in support of this original claim. The United States takes the statement in plaintiff's claim: "This claim is filed to supply additional information as to the reasons claimant believes the claim should be allowed" and attempts to bind plaintiff by this. This is not in any way conclusive that new grounds were not asserted when it is obvious new grounds were asserted. Distinction must be made between what is new information to support information already given on a claim and information amounting to new grounds as is true in this case.

■ The court finds that the second claim did set forth grounds for refund and that the first claim set forth no grounds for relief. Therefore, the second claim set forth new grounds for refund and the two year limitation period runs from that date.

■ The claimed admission by Mr. Schemmer that the grounds in the claims were the same is no admission at all. It makes no difference that some grounds as stated in the second claim existed at the time of the first claim. The question is whether the first claim set out different grounds than the second one. Also, Mr. Schemmer would not know what facts constitute the legal definition of new grounds for refund.

In Pacific Mills v. Nichols, supra, although that case is distinguishable from the present, the court did not consider that a claim in "rather general terms" prevented a second claim. In Hills v. United States, supra, the exact reasons why the grounds for the second claim were different is not given, but both arose out of the same type of claim. The court took a liberal view in favor of the taxpayer. The present case more clearly stated new grounds for refund than either of these cases or Untermyer v. Bowers, supra. So unless this rule is to be ignored, the plaintiff's suit is timely.

■■ There is another reason why the plaintiff's suit is timely. The first claim was filed and disallowed before full payment was made. That claim would not have been the basis for challenging the Commissioner's position. Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623. Also, the first claim did not meet the requirements of Regulation 301.6402–2(b):

"No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed before the expiration of such period. The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit."

The first claim was a nullity and the taxpayer may file a second claim and the two year period runs from that time.

The question here is not whether a reconsideration of a claim extends the two year period. The Commissioner when he ruled on the second claim was not reconsidering the first claim. This is so because the first claim was a nullity and it was the new grounds in the second claim which were being considered. Also,

the court notes that the Government's brief filed August 5, 1964, discusses the problem involved where the taxpayer by amending his claim attempts to extend the three year period of Section 6511. That is not the problem here. Both the first and second claims were filed within the period allowed by Section 6511.

On the merits of the case the taxpayer prevails. The applicable Sections of the Internal Revenue Code are as follows:

Title 26, Section 4271(a)(d):

"(a) Property other than coal.— There is hereby imposed upon the amount paid within or without the United States for the transportation of property, except coal, by rail, motor vehicle, water, or air from one point in the United States to another, a tax equal to 3 percent of the amount so paid."

"(d) By whom paid.—The taxes imposed by this section shall be paid by the person making the payment subject to the tax."

Title 26, Section 4273:

"Every person engaged in the business of transporting property for hire, including freight forwarders, express companies, and similar persons, shall, within 60 days after first engaging in the business of transportation of property for hire, register his name and his place or places of business with the Secretary or his delegate."

Title 26, Section 4291 (as amended):

"Cases where persons receiving payment must collect tax

"Except as otherwise provided in sections 4231 and 4264(a), every person receiving any payment for facilities or services on which a tax is imposed upon the payor thereof under this chapter shall collect the amount of the tax from the person making such payment."

Schemmer mined rock and sold it to contractors. The rock was hauled by independent truckers or trucking concerns. Schemmer received from the contractors the cost of the rock, the transportation costs and the tax costs. Schemmer then passed the sum designated for transportation costs and tax costs on to the independent truckers or trucking concerns. The contract between Schemmer and the trucking concerns stated expressly that the trucker was to pay the transportation costs.

The claim of the plaintiff, Schemmer, that he paid the transportation tax is not supported only by the contract mentioned but is rather supported by his statements that he paid the tax and the contract is separate evidence showing that he was testifying truthfully. He also somewhat elaborately explained the details of how the tax costs were collected from the contractors and passed on to the truckers. The court finds that Mr. Schemmer's credibility was good and that he testified truthfully.

The truckers testified that they never heard of transportation tax. It is obvious that they either never read their contracts or that they did not tell the truth. It is also obvious that they did not register as required by Section 4273.

Accordingly, judgment will be entered for plaintiff and against the United States of America for the amount of taxes and interest wrongfully collected from plaintiff, together with interest thereon as provided by Title 26, Section 6611, and costs as provided by Title 28, Section 2412(b) and Section 1346(a)(1).

It is ordered that the foregoing shall constitute the findings of fact, conclusions of law, and order for judgment in this case. Rule 52(a) of the Federal Rules of Civil Procedure.