**Donald G. FORD, Transferee, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 18291.**

United States Court of Appeals Sixth Circuit.

Nov. 13, 1968.

Robert J. Campbell, Atty., Dept. of Justice, Washington, D. C., for appellant; Mitchell Rogovin, Asst. Atty. Gen., Meyer Rothwacks, William A. Friedlander, Attys., Dept. of Justice, Washington, D. C., on briefs; Ernest W. Rivers, U. S. Atty., Louisville, Ky., of counsel.

S. Russell Smith, Louisville, Ky., for appellee; Kirby A. Scott, Louisville, Ky., on brief; Smith & Smith, Louisville, Ky., of counsel.

Before WEICK, Chief Judge, COMBS, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

In the taxpayer's suit for recovery of income taxes alleged to have been illegally assessed and collected, the Government did not rebut the evidence that bad debt recoveries were improperly retained in the company's income, but defended on the technical ground that there was a variance between the refund claim and the evidence and that the claim was not sufficiently specific to comply with the statute and the regulation. 26 U.S.C. 1964 ed., § 7422; 26 C.F.R., Sec. 1.11–1.

We agree with District Judge Gordon that there was no variance and that the refund claim was sufficiently specific to fairly advise the Commissioner of the nature of the taxpayer's claim. Kales v. United States, 115 F.2d 497 (6th Cir. 1940); Lucas v. Fidelity & Columbia

Trust Co., 89 F.2d 945 (6th Cir. 1937); Belknap v. United States, 55 F.Supp. 90 (D.C.W.D.Ky.1944).

The Commissioner raised no question about the form of the refund claim when it was filed with him and considered it on its merits. It is too late for him now to raise technical objections as to its form. 10 Merten's Law of Federal Income Taxation § 58.19, at page 51.

The judgment of the District Court is affirmed.