Benjamin A. STRATMORE and Helen Stratmore, his wife, Appellants,

v.

UNITED STATES of America.

No. 71–1683.

United States Court of Appeals, Third Circuit.

Argued May 25, 1972.

Decided June 2, 1972.

Kenneth T. Statmore, Wayne, N. J., for appellants.

Meyer Rothwacks, Dept. of Justice, Tax Div., Washington, D. C., for appellee.

Before STALEY, ALDISERT and HUNTER, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

This appeal involves a suit for refund of Federal income taxes. The district court entered an order granting summary judgment and dismissing taxpayers' complaint.

Briefly stated, taxpayers' action asserts that they are entitled to deduct as business bad debts payments made by them on their personal guarantees of certain corporate promissory notes. This is the second such suit filed by taxpayers based on essentially the same facts although claiming refunds for different tax years. See Stratmore v. United States, 420 F.2d 461 (C.A.3), cert denied, 398 U.S. 951, 90 S.Ct. 1870, 26 L.Ed.2d 291 (1970).

Section 7422(a) of the Internal Revenue Code of 1954 (Title 26 United States Code) provides that no suit or proceeding for the recovery of any internal revenue tax shall be maintained in any court until a claim for refund or credit has been duly filed with the Secretary or his delegate. Section 6511(a) requires that such claims be filed within three years from the time that the return was filed or two years from the time the tax was paid, whichever is later. Section 6532(a) (1) provides that no suit or proceeding for the recovery of any tax shall be begun before the expiration of six months from the date of filing the claim nor after the expiration of two years from the date of a notice of disallowance by the Secretary of the part of the claim to which the suit relates.

Taxpayers filed a claim for refund in 1961 which asserted that the payments to the corporate creditors on their personal guarantees were deductible as business bad debts. The claim was disallowed in 1964. The instant suit was filed in 1970, more than two years after the notice of disallowance of the claim for refund and therefore barred by the

statute of limitations contained in § 6532(a) (1).

In an effort to avoid the statute of limitations, taxpayers argue that they should be permitted to amend a second claim for refund which was filed in 1964 and which has never been disallowed. That claim asserted that the payments made by taxpayers on the corporate obligations were deductible as losses on transactions entered into for profit under § 165(c) (2) of the Code.

The Government argues that the taxpayers' second claim for refund cannot operate to extend the two-year period of limitation for filing suit on the ground asserted by the first claim, that of business bad debts.

Neither our own research nor that of both parties has disclosed a decision by any court on the point at issue. However, we are satisfied from the language of the relevant provisions of the Code that the taxpayers' contention is untenable.[1]

Clearly, Congress has provided that initial administrative consideration of claims for income tax refunds is a prerequisite to court actions. § 7422(a), Int.Rev.Code 1954. If it is administratively determined that the claimed refund is without merit, Congress has provided that the taxpayer may still bring a lawsuit within two years of the notice of the disallowance. § 6532(a) (1), Int. Rev.Code 1954. If the taxpayer fails to do so, the matter is at an end. We think that the purpose of the statute would be contravened were we to hold that a claim that has been rejected and then not pursued can be raised again by affixing it to a second and later claim. We note that § 6532(a) (4) specifically states that reconsideration of a claim,

once that claim has been disallowed, will not operate to extend the period within which suit may be begun.

The judgment of the district court will be affirmed.

---

1. The decision by the Court of Claims in Charlson Realty Co. v. United States, 384 F.2d 434, 181 Ct.Cl. 262 (1967), relied on by taxpayers, is not controlling. In that case the court merely determined that a second claim, which had been disallowed less than two years prior to the filing of suit, was not identical to a prior claim on which the statute had run. This is not authority for the contention made in the instant case that the identical claim can be reasserted even though its administrative disallowance has become final.