UNITED STATES of America, Plaintiff-Appellee,

v.

W. Keith WOODMANSEE and Teresa Woodmansee, Defendants-Appellants.

No. 75–2003.

United States Court of Appeals, Ninth Circuit.

July 26, 1978.

---

**3.** This renders footnote 4 in *Brown* inapplicable.

W. Keith Woodmansee, in pro per.

David English Carmack (argued), Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before CHAMBERS, CUMMINGS,* and ANDERSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

In 1971 and 1972, appellant-taxpayer amended his tax returns for 1964–1967,[1] claiming for the first time credit for foreign income taxes paid in 1961–1963. The Internal Revenue Service allowed the credits and granted refunds. Subsequently, it decided this determination was incorrect and sued to recover the sums refunded. The district court granted summary judgment for appellee (388 F.Supp. 36),[2] and taxpayer appealed. We reverse.

During the years 1961–1963, taxpayer lived in Germany; his entire income for these years was exempt from U.S. income tax. He did, however, pay income tax to Germany. § 901 of the Internal Revenue Code permits a United States taxpayer to take either a credit or deduction for foreign income taxes. Under § 904(c), the credit may be carried back 2 years and forward 5 years;[3] the carryover is available only if "the taxpayer chooses to have the benefits of this subpart." Deduction treatment is allowed only in the year the foreign tax is paid.[4]

Appellant first indicated which treatment—deduction or credit—he preferred when he filed his amended returns in 1971 and 1972. For the years 1961–1963, appellant had no income, taxable under U.S. law, against which to claim either a deduction or a credit. In 1964, 1965, and 1967, he apparently was unaware he could claim a credit for the foreign taxes previously paid. The issue before us is whether his 1971–1972 amendments were too late.

The government argues that under I.R.C. § 6511(a) a taxpayer must elect credit treatment within three years of the year in which the return is filed. Appellant coun-

---

* The Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation.

1. Since only appellant W. Keith Woodmansee's income is in question, we refer to appellants in the singular.

   Appellant's 1966 return is no longer disputed; hence, this appeal concerns only his 1964, 1965, and 1967 amended returns.

2. The District Court granted summary judgment for the Government, sua sponte, on the theory that the foreign taxes paid in 1961 through 1963 were not eligible for treatment as foreign tax credits in any year (even assuming proper and timely election), since the foreign source income upon which such foreign taxes were paid was exempt from taxation in the United States pursuant to the provisions of § 911 of the I.R.C. of 1954 (26 U.S.C.). On this appeal, although favorable to the position of the Government, it does not support or endorse the rationale of the District Court. That position was rejected in *Helvering v. Campbell*, 139 F.2d 865 (4th Cir. 1944), among others, and the Commissioner acquiesced in those decisions. See Rev.Rul. 54–15, 1954–1 Cum.Bull. 129, and Rev.Rul. 75–268, 1975–28, Int.Rev.Bull. 11. As demonstrated, *infra*, we do not support or endorse the opinion of the District Court.

3. "(d) *Carryback and carryover of excess tax paid.*—Any amount by which any such tax paid or accrued to any foreign country or possession of the United States for any taxable year beginning after December 31, 1957, for which the taxpayer chooses to have the benefits of this subpart exceeds the applicable limitation under subsection (a) shall be deemed tax paid or accrued to such foreign country or possession of the United States in the second preceding taxable year, in the first preceding taxable year, and in the first, second, third, fourth, or fifth succeeding taxable years, in that order . . . ."

   26 U.S.C. § 904(d), now slightly modified and designated § 904(c). (For convenience, we refer to this section by its present designation.)

4. "Such amount deemed paid or accrued in any year may be availed of only as a tax credit and not as a deduction and only if taxpayer for such year chooses to have the benefits of this subpart as to taxes paid or accrued for that year to foreign countries or possessions."

   *Id.*

**1304**

ters that the ten-year limitation period of § 6511(d)(3) is applicable.

There is merit in appellant's argument that the language of the statute supports his position. Yet, on the other hand, the legislative history shows Congress intended the three-year limitation period to be applied as a general rule. S.R.No. 1393, 86th Cong., 2d Sess., 2 U.S.Cong. & Admin.News pp. 3770, 3778–79, 3784–85 (1960); H.Rep. No. 1358, 86th Cong., 2d Sess., 1960–2 Cum. Bull. 865, 869. We do not decide which is the appropriate general rule, however, for here we are faced with an unusual twist of fact: choosing between a credit and a deduction was an empty formality for appellant inasmuch as his entire income was exempt from U.S. tax.[5] Thus, appellant had no taxable income to deduct from and no federal tax to take a credit against. Under these particular facts,[6] equity dictates the ten-year limitation period be applied.[7]

Finally, appellant's amended return for 1967 is challenged as untimely because he did not make a § 901 election for 1967 until 1972.[8] The government argues § 904(c) also requires the taxpayer to elect § 901 treatment for any year to which a credit is carried[9] and appellant's failure to do so within three years bars his claim. The election requirement asserted by the government is again an empty formality. Therefore, the ten-year statute of limitations should have been applied.

The order granting summary judgment is reversed and the cause remanded for further proceedings.

---

5. When the return shows no taxes are due, the Sixth Circuit has said: "Assuming that the section requires the taxpayer to make an election, there is, then, no basis for choice." *Gentsch v. Goodyear Tire & Rubber Co.*, 151 F.2d 997, 1001 (6th Cir. 1945). *Cf. Buckley v. Commissioner of Internal Revenue*, 158 F.2d 158, 162 (2d Cir. 1946); *Connor v. United States*, 19 F.Supp. 97 (D.N.H.1937); *Raymond v. Commissioner*, 34 B.T.A. 1171 (1936).

6. The government has not contended the omission was motivated by bad faith or manipulative purpose; appellants were simply unaware the foreign tax credit was applicable to income

exempt under § 911. Nor is the availability of the credit provisions otherwise disputed.

7. We note that other courts have reasoned similarly, and the ten-year statute has been applied in certain circumstances. *Bank of America v. United States*, 377 F.2d 575 (Ct.Cl.1967); *see Morrison-Knudsen Co., Inc. v. United States*, 22 AFTR 2d 5753 (N.D.Cal.1968).

8. In 1964 and 1965, appellant did make a § 901 election for foreign taxes paid in the same years.

9. See n.3, supra.