**UNION COMMERCE BANK, Executor of the Estate of Freeman A. Smith, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. C75–995.

United States District Court, N. D. Ohio, E. D.

Nov. 20, 1978.

Joseph W. Gatz, Parma, Ohio, Richard A. Lesco (co-counsel), Marshman, Snyder, Seeley, Corrigan & Isaac, Cleveland, Ohio, for plaintiff.

Dennis M. Donohue, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OF OPINION AND ORDER OF PARTIAL DISMISSAL

MANOS, District Judge.

In this case, plaintiff seeks a refund of estate taxes alleged to have been erroneously assessed against the estate of Freeman A. Smith. The defendant filed a motion for partial dismissal of the plaintiff's complaint on the ground that the claim for refund of $20,531.27 is barred by the applicable statute of limitations.[1] After an evidentiary hearing on the merits of the motion for partial dismissal, the court grants the defendant's motion.

Section 6532 of the Internal Revenue Code of 1954 provides a two-year statute of limitations within which suits must be filed for recovery of internal revenue taxes alleged to have been erroneously assessed. The statutory period begins to run on the "date of mailing by certified mail or registered mail by the Secretary or his delegate to the taxpayer of a notice to the taxpayer of the disallowance of the part of the claim to which the suit or proceeding relates."[2]

In this case, the taxpayer filed two claims with the Secretary; the first notice of disallowance was sent on May 21, 1973 and the second notice of disallowance was sent on April 7, 1975. Suit was filed on November 20, 1975. If the statute of limitations began to run upon the mailing of the first notice, the claim is barred; if, on the other hand, it began to run upon the mailing of the second notice, the claim is not barred.

There is no limit to the number of refund claims that a taxpayer may file with the Secretary. See, e. g., *Kellogg-Citizens National Bank v. United States*, 330 F.2d 635, 165 Ct.Cl. 452 (1964). However, subsequent claims for refunds in which the same issues are raised as in the first claim cannot extend the two-year period for bringing suit. *18th Street Leader Stores, Inc. v. United States*, 142 F.2d 113, 115 (7th Cir.), cert. denied, 323 U.S. 725, 65 S.Ct. 61, 89 L.Ed. 583 (1944); *Einson-Freeman Co. v. Corwin*, 112 F.2d 683 (2d Cir.), *cert. denied*, 311 U.S. 693, 61 S.Ct. 75, 85 L.Ed. 449 (1940). Generally, the limitation period for instituting a civil action runs from the rejection of the first claim.

The plaintiff argued in its "Memorandum in Opposition to Defendant's Motion for Partial Dismissal" that because the first claim was "sketchy and incomplete" and because it failed to comply with the regulations of the Internal Revenue Service which require the grounds for the claim to be set forth in detail, the claim must be considered a nullity. This argument has been accepted by at least one court. In *W. A. Schemmer Limestone Quarry, Inc. v. United States*, 240 F.Supp. 356 (S.D.Iowa 1964), the court held that because the first claim filed was deficient in detail, it was a nullity and the statute of limitations could only begin to run upon the disallowance of the second claim which fully stated the grounds for refund.

However, the court's examination of the law and fact circumstances of this case indicates that the statute of limitations

---

1. The same motion was originally filed with this court when this case was before Judge Ben C. Green. Judge Green denied the motion on March 29, 1976 without prejudice to a renewal of the motion at a later time. Judge Green stated that the motion was denied because there was at least a colorable issue of fact to be resolved. The court has now resolved all relevant issues of fact at a preliminary hearing held on October 23, 1978 pursuant to Federal Rule of Civil Procedure 12(d).

2. 26 U.S.C. § 6532(a)(1).

properly began to run when the Secretary disallowed plaintiff's first claim. Even though that claim was incomplete and failed to comply with the regulations that require specificity and detail, the court finds that it was fully considered by the Secretary and disallowed on its merits. Moreover, the parties to this law suit understood, or reasonably should have understood, that the Secretary examined the merits of plaintiff's first claim despite technical noncompliance with the Secretary's regulations.

■■■ The purpose behind the IRS regulations requiring specificity in refund claims is to inform the IRS of the basis of the taxpayer's claims so that the merits of the claims may be considered. Because the regulations are designed for the benefit and convenience of the IRS, the Commissioner may insist on technical compliance with the regulations or waive compliance and proceed to the determination of the merits of the claim. *Angelus Milling Co. v. Commissioner*, 325 U.S. 293, 65 S.Ct. 1162, 89 L.Ed. 1619 (1945); *Ford v. United States*, 402 F.2d 791 (6th Cir. 1968). Thus, if it is clear that the Commissioner's agents understood the nature of the plaintiff's first refund claim and considered it on the merits, the statute of limitations begins to run upon its disallowance notwithstanding failure to comply with Treasury regulations.

The refund claim filed on September 15, 1972 was not the first exposure the IRS had to the plaintiff's denial that it owed the sum of $20,531.27 in dispute. After an initial audit by an IRS estate tax examiner, a notice was sent to the plaintiff on September 14, 1970 showing a total deficiency in estate tax of $20,531.27. On December 11, 1970, the plaintiff filed a formal protest requesting the IRS Appellate Division to review the case. On April 14, 1972 the Appellate Division affirmed the examiner. On April 17, 1972, the IRS sent the plaintiff a statement indicating that there was an outstanding assessment of $20,531.27 against the estate for estate taxes and $3,670.59 in interest. On April 28, 1972, plaintiff paid IRS that amount. From the inception, the IRS determined (1) that the plaintiff was required to include in the decedent's estate a transfer of a sum made by the decedent prior to his death as a gift in contemplation of death under section 2035 of the Internal Revenue Code; (2) that the fair market value of certain stock owned by the decedent was required to be adjusted upward under section 2033; and (3) that certain executor and attorney fees were not properly deducted under section 2053.

Thus, when plaintiff filed its first refund claim on September 15, 1972 for $20,531.27 in estate taxes and $3,670.59 in interest, the examiner clearly understood the ground on which the claim was based. The court finds that the IRS assigned the plaintiff's claim for refund to an agent who reviewed the prior audit experience of the estate with regard to the consideration and determination of the deficiency. Because of the prior history of the dispute, the IRS agent was fully apprised of the grounds for the claim. Recognizing that nothing new was stated in the refund claim and because the agent agreed with the decisions of the examiner and the Appellate Division, he recommended that the claim should be disallowed for the same reasons that the claim was disallowed at the audit level.

Therefore, the court finds that the IRS waived the requirement to technically comply with the Treasury regulations regarding specificity in refund claims; the IRS considered the merits of plaintiff's claim and disallowed the claim on May 21, 1973. The plaintiff was required to bring suit in the district court for a refund of the $20,531.27 plus interest within two years of that date. Because plaintiff failed to do so, the claim is barred by the statute of limitations.

Accordingly, to the extent that the complaint seeks relief in the amount of $20,-531.27 plus interest, the defendant's motion to dismiss is granted for want of jurisdiction. The court retains jurisdiction over the balance of the amount sought in the complaint.

IT IS SO ORDERED.