**UNION COMMERCE BANK, Executor of the Estate of Freeman Smith, Deceased, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 79-3414.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 18, 1980.

Decided Jan. 22, 1981.

Terrence O'Donnell, Richard A. Lesco, Marshman, Snyder & Corrigan, Cleveland, Ohio, for plaintiff-appellant.

Jerome Fink, M. Carr Ferguson, Gilbert E. Andrews, Grant W. Wiprud, Philip Brennan, Tax Division, Dept. of Justice, Washington, D. C., Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, for defendant-appellee.

Before WEICK and MARTIN, Circuit Judges, and NIXON, District Judge.*

PER CURIAM.

Union Commerce Bank, as executor of the estate of Freeman A. Smith, appeals

* Honorable John T. Nixon, United States District Judge for the Middle District of Tennessee, sitting by designation.

from the judgment of the District Court partially dismissing its complaint seeking a refund of federal estate taxes for failure to comply with the statute of limitations set forth in 26 U.S.C. § 6532(a). The decision of the District Court is reported in 463 F.Supp. 842 (1978).

After the Bank filed a federal estate tax return and paid the tax due reported therein, the Internal Revenue Service issued a notice asserting a deficiency of $20,531.27, which the Bank paid on April 28, 1972. On September 15, 1972, the Bank filed a claim for a refund of estate tax in the amount of $20,531.27 plus interest, which stated: "This claim is made solely for the purpose of fulfilling the necessary requirements to gain access to Federal District Court." On May 21, 1973, the Bank was notified that its claim was disallowed because of "an Audit decision" and that the Bank had two years from that date to bring suit for a refund. On April 25, 1974, the Bank filed an amended claim with the Service seeking a refund of $22,566.05 in estate taxes plus interest. This claim again placed in issue the $20,-531.27 sought in the first claim for a refund, and further requested a refund of $2,034.78 because of additional attorney's and executor's fees paid by the estate. On April 7, 1975, the Service disallowed the amended claim, for reasons stated in a report attached to a prior thirty-day letter. The notice again stated that the Bank had two years from the date of the notice to file suit for a refund. The Bank filed this suit for a refund of $22,566.05 on November 20, 1975, more than two years after the disallowance of its first claim but within two years of the disallowance of the amended claim. The District Court held that it lacked subject matter jurisdiction to the extent the complaint sought relief in the amount of $20,531.27 plus interest. It retained jurisdiction over the balance of the amount sought in the complaint, which by agreement of the parties has been paid to the Bank.

■ The Bank contends on appeal that the original claim was a nullity because it did not comply with the requirements of Treasury Regulations and because the Service considered it to be unworthy of consideration. However, the District Court found that the IRS had waived the requirement of technical compliance with the regulations, as it is permitted to do, *see Ford v. United States*, 402 F.2d 791 (6th Cir. 1968), and considered the merits of the claim. These findings are not clearly erroneous.

■ We also disagree with the Bank's contention that the government is estopped from raising the statute of limitations defense because its notice of disallowance of the amended claim stated that the Bank had two years in which to file suit for a refund. It is well established that a second claim for a refund asserting the same grounds as the first does not extend the two-year period in which a suit must be filed. *See, e. g. Kelson v. United States*, 503 F.2d 1291 (10th Cir. 1974). Moreover, the statement in question was fully applicable to the additional grounds set forth in the amended claim.

The judgment of the District Court is affirmed.