Robert J. and Nancy J. HUETTL, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 80–4150.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 1981.

Decided April 19, 1982.

---

W. Keith Woodmansee, W. Keith Woodmansee Law Corp., Walnut Creek, Cal., for plaintiffs-appellants.

Steven F. Frahn, Washington, D. C., argued, for defendant-appellee; Michael L. Paup, M. Carr Ferguson, Gilbert E. Andrews, Ann B. Durney, Washington, D. C., Jay R. Weill, Asst. U. S. Atty., San Francisco, Cal., on brief.

Before KENNEDY and BOOCHEVER, Circuit Judges, and EAST,* District Judge.

KENNEDY, Circuit Judge:

Taxpayers, Robert and Nancy Huettl, appeal the dismissal of their suit for tax refund. The district court ruled the action was barred by the statute of limitations for bringing refund claims in district court, I.R.C. § 6532(a)(1), and we affirm.

Taxpayers filed a joint federal income tax return for 1968 on or about April 1, 1969, and, on April 4, 1972, filed a refund claim alleging that a foreign tax credit carryover was available for the year 1968. The Internal Revenue Service (IRS) disallowed the claim on July 23, 1974, for the reason that, *inter alia,*[1] a three-year statute

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. The parties dispute whether the IRS based its denial solely on the statute of limitations.

However, it is immaterial to the resolution of this case whether the IRS denied taxpayers' claim for additional reasons.

of limitations for filing with the IRS barred the claim. *See* I.R.C. § 6511(a).[2]

In 1978, we decided *United States v. Woodmansee*, 578 F.2d 1302 (9th Cir. 1978), and implied that the ten-year limitations period of I.R.C. § 6511(d)(3)(A),[3] and not the three-year limitations period of I.R.C. § 6511(a), applied to the filing of claims such as taxpayers' with the IRS. Upon the assumption that the *Woodmansee* decision changed the legal posture of their claim, taxpayers made two filings on August 25, 1978. One was a suit for refund with the district court based on the disallowance of the first claim by the IRS. Taxpayers voluntarily dismissed the suit when they realized that it was barred by a two-year statute of limitations governing the amount of time an action for refund can be presented to a district court after an adverse IRS ruling. *See* I.R.C. § 6532(a)(1).[4] The other was a claim for refund with the IRS. Except for its reference to the *Woodmansee* decision, it was identical to the first administrative claim. The crux of both administrative claims was taxpayers' asserted entitlement to a foreign tax credit carryover. The taxpayers' entitlement to the carryover, aside from the limitations issue, was wholly unaffected by the *Woodmansee* decision. The IRS disallowed the second claim on July 10, 1979.

Taxpayers then filed the instant suit for refund in the district court on August 30, 1979, within two years of the second IRS disallowance. The district court reasoned that taxpayers' second claim for refund with the IRS was identical to their first, that the second claim therefore could not extend the two-year limitations period of I.R.C. § 6532(a)(1), that the limitations period for the second district court suit thereby began running on or about the date of the first IRS disallowance of July 23, 1974, and that the second district court action was thus barred by I.R.C. § 6532(a)(1). The court dismissed the action on this basis, and we affirm.

■ A taxpayer generally may file more than one administrative refund claim within the statutory period applicable to the filing of claims with the IRS. *E.g., 18th Street Leader Stores, Inc. v. United States*, 142 F.2d 113, 115 (7th Cir.), *cert. denied*, 323 U.S. 725, 65 S.Ct. 61, 89 L.Ed. 583 (1944); *Union Commerce Bank v. United States*, 463 F.Supp. 842, 843 (N.D.Ohio 1978), *affirmed*, 638 F.2d 962 (6th Cir. 1981). However, a second claim for refund on grounds identical to those in the first does not extend the two-year limitations period of I.R.C. § 6532(a)(1) for bringing suit in a district court. *E.g., Union Commerce Bank v. United States*, 638 F.2d 962, 963 (6th Cir. 1981); *Kelson v. United States*, 503 F.2d 1291, 1292–93 (10th Cir. 1974); *Stratmore v. United States*, 463 F.2d 1195, 1197 (3d Cir. 1972). For purposes of limitations on suit, it makes no difference that the IRS

2. The section reads in relevant part:

Claim for credit or refund of an overpayment of tax ... shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

3. The section reads in relevant part:

If the claim for credit or refund relates to an overpayment attributable to any taxes paid or accrued to any foreign country or to any possession of the United States for which credit is allowed against the tax imposed by subtitle A in accordance with the provisions of section 901 or the provisions of any treaty ..., in lieu of the 3-year period of limitation ..., the period shall be 10 years from the date prescribed by law for filing the return for the year with respect to which the claim is made.

4. The provision reads in pertinent part:

No suit or proceeding ... for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim ... unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

acted on the second claim, *Einson-Freeman Co. v. Corwin*, 112 F.2d 683, 684 (2d Cir.), *cert. denied*, 311 U.S. 693, 61 S.Ct. 75, 85 L.Ed. 449 (1940), and this is true even where the taxpayer meets the statute of limitations for filing with the IRS on the second claim. *Kelson v. United States*, 503 F.2d 1291, 1292–93 (10th Cir. 1974).

The principal issue thus becomes whether the taxpayers' second refund claim is identical to the first. If the second claim is based on different facts or legal theories from those contained in the first, then the second claim may merit independent treatment from the statute of limitations of I.R.C. § 6532(a)(1). *Charlson Realty Co. v. United States*, 384 F.2d 434, 439 (Ct.Cl.1967).

■ An intervening change in the law between the disallowance of the first claim filed with the IRS and the bringing of a suit on the second claim in the district court is an insufficient basis on which to distinguish two claims. *Einson-Freeman Co. v. Corwin*, 112 F.2d 683, 683–84 (2d Cir.), *cert. denied*, 311 U.S. 693, 61 S.Ct. 75, 85 L.Ed. 449 (1940). Here, the sole difference between taxpayers' first and second claims is a reference to the intervening *Woodmansee* decision. Taxpayers did not introduce different facts, statutory grounds, or theoretical bases for recovery, and their claims were therefore identical.[5]

■ Courts have intimated that even if two claims are identical, the first claim should not trigger the limitations period of I.R.C. § 6532(a)(1) if it was so poorly prepared as to be a nullity. *See Union Commerce Bank v. United States*, 463 F.Supp.

842, 843–44 (N.D.Ohio 1978), *affirmed*, 638 F.2d 962 (6th Cir. 1981); *W. A. Schemmer Limestone Quarry, Inc. v. United States*, 240 F.Supp. 356, 359–60 (S.D.Iowa 1964). These cases involved taxpayers whose first claims arguably did not set forth enough detail to meet government regulations and to apprise the IRS of the basis for the claims. In the instant case, there has been no showing that taxpayers' first claim failed to meet specificity requirements or that the IRS failed to understand the first claim. Indeed, the IRS disallowed the first claim on the ground taxpayers urge it to reconsider in the second claim, that is, on the statute of limitations issue.[6]

■ Because taxpayers' first claim was not a nullity and because their first and second claims were identical, the limitations period of I.R.C. § 6532(a)(1) began to run for the instant action on the date of the mailing of a notice of the disallowance of taxpayers' first claim, on or about July 23, 1974. This case was filed more than five years after that date and so was barred by the two-year limitations period of I.R.C. § 6532(a)(1). The importance of the policy favoring finality in the determination of claims mandates that a decision on a refund claim based upon an erroneous view of the law is not open to collateral attack. It can be corrected by a timely filing of a suit for refund, not by resubmitting an identical refund claim. *See Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). For these reasons, we affirm.

AFFIRMED.

---

5. The dissent concludes that "the assertion of a different appropriate statute of limitations is a different legal ground in support of the Huettls' second claim." We need not decide whether reliance on a different statute of limitations would have distinguished taxpayers' two administrative claims because our understanding is that taxpayers asserted the ten-year statute of limitations in their first administrative claim.

6. The dissent suggests the disallowance of taxpayers' first administrative claim was not made on the merits and therefore cannot be used to bar taxpayers' second claim. We disagree. It is because the IRS decided the merits of the statute of limitations issue that the limitations question is barred from being considered again. A judgment in one forum on statute of limitations grounds is a decision on the merits for purposes of res judicata preclusion of any reconsideration in that forum of the limitations question. *E.g., Hildebrand v. Dart Industries, Inc.*, 640 F.2d 289, 291 (10th Cir. 1981); *Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir.), *cert. denied*, 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972); *Williamson v. Columbia Gas & Electric Corp.*, 186 F.2d 464 (3d Cir. 1950), *cert. denied*, 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355 (1951); 1B J. Moore Federal Practice ¶ 0.409[6] (2d ed. 1980).

EAST, Senior District Judge, dissenting:

I respectfully dissent. Any claim for a tax refund lodged with the Internal Revenue Service (IRS) must meet three legal requirements:

(1) It must include a clear statement of the substance of the claim, and

(2) A clear statement of the asserted provisions of the Internal Revenue Code (IRC) and the regulations of the IRS relied upon for relief; and

(3) The claim must be timely presented to the IRS so as not to be barred by any appropriate statute of limitations. Treas.Reg. § 301.6402–2(b), T.D. 7484, 42 FR 22143 (1977).

My reading of the record on appeal and the respective answers of the parties to a specific inquiry of this panel dictates a conclusion that the Huettls' first claim of refund under IRS, §§ 901 and 904 was rejected by the IRS on the sole *legal* ground of the bar of the three-year statute of limitations, IRC, § 6511(a). The IRS, by its own admission, never considered the worth of the substantive claim for refund. In this case, the Huettls' first claim did not assert any appropriate statute of limitations. The IRS bypassed its consideration of the merits of the refund claim and erroneously imposed the bar of the three-year statute of limitations. The majority does not hold otherwise, or else the Huettls would be frustrated by the doctrine of res judicata.

The Huettls' second claim for a refund based upon an asserted entitlement to a foreign tax credit carryover was *in fact* identical to the substance of their first claim for such credit carryover; however, the second claim asserted a *new and different legal ground* for relief. This second claim for refund, free from any res judicata effect, was not rejuvenated by the rule of *Woodmansee*, but on the contrary it was declared to be alive and well until the expiration of the ten-year limitation for presentment to the IRS.

The IRS "did not refuse to allow the second claim to be filed, but received and filed it and thereafter considered the claim and rejected it, all of which indicates that [it] considered it to be different from the first claim . . . . The case of *Pacific Mills v. Nichols* [72 F.2d 103 (1st Cir. 1934)] is authority for the proposition that if the [IRS] entertains the second claim and decides it adversely to the claimant, suit may be brought within two years thereafter in accordance with the statute." *Charlson Realty Co. v. United States*, 384 F.2d 434, 440–41 (Ct.Cl.1967). If the three-year statute of limitations was a sufficient legal ground to deny the Huettls' first claim for refund, *a fortiori*, the assertion of a different appropriate statute of limitations is a different legal ground in support of the Huettls' second claim.

Furthermore, the IRS again failed to decide the merits of the Huettls' claim for refund but did determine the validity of the Huettls' new legal ground for relief, the ten year statute of limitations, adversely to the Huettls. The IRS definitively ruled on July 10, 1979: "The ten year statute applies to adjustment to the amount of the credits and not to any carryover." And, again, the IRS rejected the claim under the bar of the three-year statute of limitations, notwithstanding the decision in *Woodmansee* that the ten-year, and not the three-year limitations period, applied to such claims for refund. The IRS ruling directly conflicted with the rule of *Woodmansee*. For the full force and effect of the *Woodmansee* decision, *see Hart v. United States*, 585 F.2d 1025 (Ct.Cl.1978).

Simply stated, the majority takes the view that the Huettls' second claim for refund with the IRS was identical to the first claim presented to and denied by IRS, and accordingly would not survive the effect of the limitations period for bringing suit for refund in the District Court. I, however, am anchored to the view expressed in *Charlson Realty*, 384 F.2d at 440, in these words:

The second claim was not a mere repetition of the first claim, but is based upon new grounds, and, therefore, constitutes a separate claim which is entitled to independent treatment with reference to the

statute of limitations. Accordingly, the limitation period commenced to run from the date the second claim was disallowed. . . .

I would vacate the District Court's order of dismissal and remand for appropriate further proceedings.