139 F.3d 906
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mel M. MARINKOVIC, Plaintiff-Appellant,
v.
Casey, Gerry, Casey, Westbrook, Reed, a Law Firm, Defendant-Appellee.
 No. 96-56657.
D.C. No. CV-95-01239-BTM.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Feb. 5, 1998**.
Decided Feb. 10, 1998.
 
 Appeal from the United States District Court for the Southern District of California Barry T. Moskowitz, District Judge, Presiding.
 Before PREGERSON, BEEZER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mel Marinkovic appeals a decision of the district court dismissing with prejudice his claims against his former attorneys. The district court applied federal res judicata law and dismissed Marinkovic's claims because another district court previously had determined that Marinkovic's claims were barred by the applicable statutes of limitations.
 
 
 3
 Marinkovic argues that the district court erred by applying federal res judicata law rather than California res judicata law and that, even under federal law, his claims should not be barred. We disagree.
 
 I.
 
 4
 Although federal courts must give full faith and credit to state court judgments, 28 U.S.C. § 1738, there is no requirement that a federal court must apply state law when it addresses the preclusive effect of a federal court judgment. In fact, the rule is to the contrary: when addressing the preclusive effect of a federal court judgment, federal courts must apply federal law. Sullivan v. First Affil. Sec., Inc., 813 F.2d 1368, 1376 (9th Cir.1987) (citing Limbach v. Hooven & Allison Co., 466 U.S. 353, 361-62, 104 S.Ct. 1837, 80 L.Ed.2d 356 (1984)).
 
 
 5
 Marinkovic argues that this rule should not apply to removed cases and that the Defendants should be collaterally estopped from relying on this rule. We find neither of these arguments persuasive.
 
 
 6
 In removed cases, Marinkovic argues, federal courts "derive" their jurisdiction from the state courts. If the state court lacked jurisdiction before the case was removed, then the federal court lacks jurisdiction after the case is removed. Marinkovic argues that federal courts must therefore apply state law to all removed cases.
 
 
 7
 We are surprised that Marinkovic would rely on the derivative jurisdiction doctrine given that the doctrine is no longer valid. In 1987, Congress put an end to the doctrine by enacting subsection (e) of the removal statute, 28 U.S.C. § 1441. That subsection specifically states that a federal court is not precluded from hearing a removed case just because the state court lacked jurisdiction. 28 U.S.C. § 1441(e) ("The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.").
 
 
 8
 In any event, the derivative jurisdiction doctrine, as its name suggests, helped federal courts determine whether they had jurisdiction. The doctrine did not purport to determine any other matters, including choice-of-law rules about res judicata. Thus, Marinkovic does not advance his argument by invoking the doctrine of derivative jurisdiction.
 
 
 9
 Nor does Marinkovic advance his argument by invoking collateral estoppel. Marinkovic contends that the district court previously determined that state law should apply to this case. Marinkovic reasons that the Defendants therefore should be precluded from arguing any differently now.
 
 
 10
 To support his argument, Marinkovic relies on the district court's analysis of Marinkovic's motion to amend his complaint. When ruling on that motion, the district court assessed whether amendment would be futile given the Defendants' argument that the applicable statutes of limitations had expired. The court appropriately looked to state law to determine which statute-of-limitations and tolling rules applied to Marinkovic's predominantly state-law claims.
 
 
 11
 Just because the district court applied state law to the Defendants' statute-of-limitations defenses, however, does not mean that state law must apply to every other aspect of the case. See United States v. Alexander, 106 F.3d 874, 876 (9th Cir.1997) (law of the case doctrine applies to preclude a court from reconsidering an issue only where the same issue was already decided by the same court or a higher court in that case); Pettaway v. Plummer, 943 F.2d 1041, 1043-44 (9th Cir.1991) (for collateral estoppel to apply, the issue determined in the prior proceeding must be "sufficiently similar" to the issue to be determined in the current proceeding), cert. denied, 506 U.S. 904, 113 S.Ct. 296, 121 L.Ed.2d 220 (1992). Because the district court never addressed the res judicata issue while ruling on the motion to amend, the Defendants are not collaterally estopped from arguing that federal law applies to their res judicata defense.
 
 
 12
 Thus, neither Marinkovic's derivative jurisdiction argument nor his collateral estoppel argument changes the fact that federal courts must apply federal law when addressing the preclusive effect of federal judgments. We therefore hold that the district court properly invoked federal res judicata law rather than state res judicata law when it assessed Marinkovic's claims.
 
 II.
 
 13
 Marinkovic next argues that his claims are not barred even under federal res judicata law. Specifically, he argues that the prior federal judgment was not "on the merits"; that his complaint before the first district judge was different from his complaint before the second district judge; and that the first district judge erred by entering judgment against him without abiding by the stay provisions of the Soldiers and Sailors Relief Act, 50 App. U.S.C. § 501, and without granting Marinkovic leave to amend his complaint. Each of these arguments is unavailing.
 
 
 14
 First, the prior judgment was on the merits. The prior district court judge determined that each of Marinkovic's claims was barred by the applicable statute of limitation. As we stated in Huettl v. United States, 675 F.2d 239 (9th Cir.1982), a "judgment in one forum on statute of limitations grounds is a decision on the merits for purposes of res judicata preclusion of any reconsideration in that forum of the limitation question." Huettl, 675 F.2d at 242 n. 6.
 
 
 15
 Second, it does not matter that Marinkovic's complaint in the first proceeding was different from his complaint in the present proceeding. What matters is that the two complaints arise from the same set of facts, involve the same evidence, and affect the same rights.[1] Res judicata bars the relitigation of any claims that were raised or could have been raised in a prior action. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); International Union of Operating Eng'rs v. Karr, 994 F.2d 1426, 1430 (9th Cir.1993).
 
 
 16
 Both of Marinkovic's complaints arise from the Defendants' representation of Marinkovic in a personal injury action and from an assault that allegedly took place after Marinkovic sued the Defendants. Proving the claims in the earlier complaint would involve the same evidence as proving the claims in the subsequent complaint. Furthermore, because both suits involve infringement of the same rights, prosecuting the second action would impair interests that were established in the first action. Accordingly, the two complaints state the same claims for purposes of res judicata.
 
 
 17
 Third, regardless of whether the first district court erred by refusing to grant a stay under the Soldiers and Sailers Relief Act or by refusing to allow Marinkovic to amend his complaint, Marinkovic cannot assert these claims now. Full res judicata effect will be given to a prior judgment even if the judgment was granted in error. United States v. ITT Rayonier, Inc., 627 F.2d 996, 1003 (9th Cir.1980) (citing Milliken v. Meyer, 311 U.S. 457, 462, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). To do otherwise would undermine the rationale behind the res judicata rule: that there be an end to litigation. Id.
 
 III.
 
 18
 Because federal law applied to the Defendants' res judicata defense and because Marinkovic's claims are barred under federal res judicata principles, the district court properly dismissed Marinkovic's claims with prejudice.
 
 
 19
 AFFIRMED.
 
 
 
 **
 The panel unanimously found this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To determine whether two claims are the same for purposes of res judicata, courts look to the following factors: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." Nordhorn v. Ladish Co., 9 F.3d 1402, 1405 (9th Cir.1993)