NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0633n.06

No. 11-2321

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jun 18, 2012*

LEONARD GREEN, Clerk

SANDRA C. PEPPERS,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Plaintiff-Appellant,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀ON APPEAL FROM THE UNITED
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀STATES DISTRICT COURT FOR
UNITED STATES OF AMERICA;⠀⠀⠀)⠀⠀⠀THE EASTERN DISTRICT OF
DEPARTMENT OF TREASURY;⠀⠀⠀⠀)⠀⠀⠀MICHIGAN
INTERNAL REVENUE SERVICE,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Defendants-Appellees.⠀⠀⠀⠀⠀⠀)

Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Sandra C. Peppers appeals the district court decision dismissing her complaint for lack of jurisdiction.

In January 2000, Peppers resigned from her position as Chief Executive Officer of the Greater Detroit Hospital. Soon thereafter, the hospital closed due to financial problems. Prior to closing, the hospital failed to collect and pay federal withholding taxes for its employees' paychecks for the third quarter of 1999. After an investigation, the Internal Revenue Service determined that Peppers was responsible for the hospital's failure to pay the taxes and, in September 2004, the IRS

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

assessed Peppers a $214,607.36 penalty pursuant to 26 U.S.C. § 6672(a). Since this assessment, Peppers has challenged the IRS's liability determination several times.

In February 2005, Peppers paid $150 of the penalty and, through counsel, filed a Claim for Refund and Request for Abatement (Form 843) arguing that she was not responsible for unpaid taxes and did not willfully avoid the payment (First Claim). The IRS denied the First Claim in April 2005. The denial letter explained that Peppers could administratively appeal the decision within thirty days, or file suit in federal court within two years. Peppers did neither.

In January 2007, Peppers submitted another Form 843 (Second Claim) and attached an affidavit explaining why she should not be held liable for the hospital's unpaid taxes. In March 2007, the IRS returned this submission with a letter explaining that it rejected the Second Claim because the First Claim was denied in 2005. The letter also reminded Peppers that any lawsuit must be filed within two years of the First Claim's denial, or by April 29, 2007.

Through counsel, Peppers filed a complaint in the Eastern District of Michigan in June 2007. The district court dismissed the case for lack of jurisdiction because the Second Claim merely added details to the First Claim, and Peppers had not sued within two years of the First Claim's denial. *Peppers v. United States*, 524 F. Supp. 2d 888, 894–95 (E.D. Mich. 2007). Peppers did not appeal the district court's decision.

In December 2007, a month after the dismissal of Peppers's complaint, Peppers paid $200 towards the tax penalty. In January 2008, through counsel, Peppers filed another Form 843 (Third Claim) and attached the affidavit she had submitted with the Second Claim. The IRS did not respond to the Third Claim.

In June 2010, Peppers, through counsel, filed another Form 843 (Fourth Claim) and, again, attached her affidavit. The IRS did not respond to the Fourth Claim.

In March 2011, through counsel, Peppers filed the instant complaint seeking to sue on the Third Claim. Peppers attached the Third and Fourth Claims, and her affidavit, to the complaint. The district court dismissed the case for lack of jurisdiction.

We review the district court's dismissal of the complaint *de novo*. *Charvat v. NMP, LLC*, 656 F.3d 440, 445 (6th Cir. 2011). Congress has waived sovereign immunity for "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). However, "[d]espite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *United States v. Dalm*, 494 U.S. 596, 601 (1990). The Internal Revenue Code mandates that the taxpayer must first submit a claim with the IRS, *see* 26 U.S.C. § 7422(a), and that the taxpayer must file suit within two years of the IRS's disallowance of the claim, *see* 26 U.S.C. § 6532(a)(1). A district court lacks jurisdiction to entertain a cause of action if the taxpayer fails to satisfy both requirements. *See id*. at 608-09.

Peppers insists that she can sue on the Third Claim because she sought a refund of the $200 she paid toward the penalty in December 2007. As a general rule, a taxpayer must pay his or her full tax liability before filing suit in federal court. *See Flora v. United States*, 357 U.S. 63, 75–76 (1958). There is, however, an exception to this general rule when a penalty is a "divisible tax." *Univ. of*

*Chicago v. United States*, 547 F.3d 773, 785 (7th Cir. 2008). "Where a tax is divisible, . . . the taxpayer may pay the full amount on one transaction, sue for a refund for that transaction, and have the outcome of this suit determine his liability for all the other, similar transactions." *Id.* (citation and internal quotation marks omitted).

The penalty assessed Peppers is a divisible tax. Thus, she was permitted to pay the employment taxes for one employee, seek a refund for that amount, and challenge her liability for the entire penalty. Peppers did just that in 2005 when she submitted the First Claim challenging the IRS's liability determination. However, she neglected to timely administratively appeal or to sue on the denial of the First Claim.

The First Claim contested Peppers's liability on the grounds that she did not willfully evade the tax payment because the hospital's board and president disregarded her direction to close the facility and because she believed that the taxes were being paid. The Second Claim did not articulate an express challenge to the liability finding, but Peppers's attached affidavit provided details to support the original claim. The Third Claim set forth three reasons why Peppers was not liable for willful avoidance of the tax payment and included the affidavit submitted with the Second Claim. The Fourth Claim restated the three reasons set forth in the Third Claim and, again, included Peppers's affidavit. Thus, the First, Second, Third, and Fourth Claims all presented the same legal theory that Peppers was not liable because she did not willfully evade payment of the employment taxes.

Although Peppers's subsequent claims may have added reasons why she did not act willfully, the basis for relief did not change. "It is well established that a second [or third, or fourth] claim for

a refund asserting the same grounds as the first does not extend the two-year period in which a suit must be filed." *Union Commerce Bank v. United States*, 638 F.2d 962, 963 (6th Cir. 1981).  Thus, the district court correctly found that it lacked jurisdiction over Peppers's untimely  complaint.

The district court's judgment is affirmed.